T.C. Summary Opinion 2018-42

UNITED STATES TAX COURT

JASON J. GARTLAN, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11646-17S.                    Filed September 11, 2018.

<u>Harry J. Gartlan, Jr.</u>, for petitioner.

<u>Brian E. Salisbury</u> and <u>Harry J. Negro</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 in effect when the petition was filed.[1]  Pursuant to section 7463(b),

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the taxable year 2015, and all Rule references are to the Tax Court Rules of Practice and Procedure.

the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $3,156 in petitioner's Federal income tax for the taxable year 2015 (year in issue). Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, he resided in Delaware.

The sole issue for decision is whether petitioner is entitled to a premium tax credit (PTC) under section 36B for the year in issue.

Background[2]

In 2015 petitioner was enrolled in a health insurance plan offered through an insurance exchange created under the Patient Protection and Affordable Care Act (ACA), Pub. L. No. 111-148, 124 Stat. 119 (2010). He paid monthly health insurance premiums of $383.45 (or a total of $4,601.40 for the year).

In January 2016 the Department of Health and Human Services issued to petitioner a Form 1095-A, Health Insurance Marketplace Statement, reporting that in 2015 no advance premium assistance payments had been made on his behalf.

On October 16, 2016, petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2015, reporting business income of $1,163, deductions of

---

[2]Some of the facts have been stipulated.

$82 and $1,880 for self-employment tax and student loan interest, respectively, and adjusted gross income (AGI) of -$799. Petitioner attached to his tax return a Form 8962, Premium Tax Credit, and claimed a PTC of $3,156. Petitioner reported a household size of one person and modified AGI (MAGI) of -$799.

Respondent determined that petitioner is ineligible for the PTC because he is not an "applicable taxpayer" within the meaning of section 36B(c)(1). Petitioner asserts that he (1) is entitled to the PTC under a special rule for taxpayers with household income below 100% of the Federal poverty line and (2) should be treated as an applicable taxpayer consistent with the policy objectives underlying section 36B.

## Discussion

In general, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[3] Deductions and credits are a matter of legislative grace and are allowed only as there is a clear provision therefor. INDOPCO, Inc. v.

---

[3]The facts relevant to the disposition of this case are not in dispute. Therefore, the assignment of the burden of proof is immaterial.

Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

In 2010 Congress enacted the ACA, including new section 36B, see ACA sec. 1401(a), 124 Stat. at 213, which established a refundable tax credit--the PTC-- available to an applicable taxpayer to provide assistance in paying health insurance premiums.[4]  Sec. 36B(a) and (b).

Section 36B(c)(1)(A) generally defines the term "applicable taxpayer" as a taxpayer whose household income for a taxable year equals or exceeds 100%, but does not exceed 400%, of the Federal poverty line (FPL) for the taxpayer's household size.  Sec. 1.36B-2(b)(1), Income Tax Regs.  The FPL is established by the most recently published Federal poverty guidelines[5] as of the first day of the the open enrollment period for health insurance coverage in effect for a calendar year.[6]  Sec. 36B(d)(3)(B); sec. 1.36B-1(h), Income Tax Regs.

---

[4]The PTC is available for tax years ending after December 31, 2013.  See Patient Protection and Affordable Care Act (ACA), Pub. L. No. 111-148, sec. 1401(e), 124 Stat. at 220 (2010).

[5]The Federal poverty guidelines, published by the Department of Health and Human Services, are revised at least annually.  Omnibus Budget Reconciliation Act of 1981, Pub. L. No. 97-35, sec. 673, 95 Stat. at 511-512 (codified as amended at 42 U.S.C. sec. 9902(2), (4) (2012)).

[6]For health insurance coverage beginning on January 1, 2015, the annual

(continued...)

Section 36B(d)(2)(A) defines the term "household income" as the MAGI of the taxpayer plus the MAGI of family members for whom the taxpayer properly claims deductions for personal exemptions and who were required to file a Federal income tax return under section 1. Sec. 1.36B-1(d), (e)(1), Income Tax Regs. Section 36B(d)(2)(B) defines MAGI as AGI increased by certain items of income which are normally excluded from gross income. See sec. 1.36B-1(e)(2), Income Tax Regs.

Section 1.36B-2(b)(6)(i), Income Tax Regs., provides an exception to the general definition of an applicable taxpayer as follows:

> (6) Special rule for taxpayers with household income below 100 percent of the Federal poverty line for the taxable year.--(i) In general.--A taxpayer (other than a taxpayer described in paragraph (b)(5) of this section) whose household income for a taxable year is less than 100 percent of the Federal poverty line for the taxpayer's family size is treated as an applicable taxpayer for the taxable year if--

> (A) The taxpayer or a family member enrolls in a qualified health plan through an Exchange for one or more months during the taxable year;

---

[6](...continued) open enrollment period began on November 15, 2014. 45 C.F.R. sec. 155.410(e)(1) (2018). Accordingly, for purposes of this case, we look to the Federal poverty guidelines in effect during 2014. The guidelines indicate that the applicable FPL for a household of one person, for the 48 contiguous States and the District of Columbia, was $11,670. 79 Fed. Reg. 3593 (Jan. 22, 2014).

(B) An Exchange estimates at the time of enrollment that the taxpayer's household income will be at least 100 percent but not more than 400 percent of the Federal poverty line for the taxable year;

(C) Advance credit payments are authorized and paid for one or more months during the taxable year;[7] and

(D) The taxpayer would be an applicable taxpayer if the taxpayer's household income for the taxable year was at least 100 but not more than 400 percent of the Federal poverty line for the taxpayer's family size.

## I. Applicable Taxpayer

The parties agree that petitioner's household size was limited to one person (himself) and that his MAGI for the taxable year 2015 was −$799. Because his MAGI was below $11,670 (i.e., 100% of the FPL for the year in issue), he does not qualify as an applicable taxpayer within the meaning of section 36B(c)(1)(A).

## II. Section 1.36B-2(b)(6), Income Tax Regs.

Petitioner nevertheless contends that he qualifies for the PTC under the special rule prescribed in section 1.36B-2(b)(6)(i), Income Tax Regs. We disagree.

---

[7]ACA sec. 1412, 124 Stat. at 231, permits the Secretary to authorize advance payments of the PTC directly to a taxpayer's insurance carrier. Advance payments require an estimate of the amount of the PTC which the taxpayer may be entitled to claim on his tax return. See id.; Internal Revenue Manual pt. 21.6.3.4.2.16(6) (Oct. 1, 2014).

Section 1.36B-2(b)(6)(i)(B), Income Tax Regs., requires that, at the time that petitioner enrolled in a health insurance plan, the insurance exchange estimated that his household income would be at least 100%, but not more than 400%, of the FPL for the taxable year. In addition, section 1.36B-2(b)(6)(i)(C), Income Tax Regs., requires that advance premium assistance payments were authorized and paid on petitioner's behalf during the year in issue. There is no dispute that neither of these requirements was met in this case. Consequently, petitioner does not qualify under the special rule for taxpayers with household income below 100% of the FPL.

III. Policy Argument

As a final matter, petitioner maintains that he should be treated as an applicable taxpayer who is eligible for the PTC because he falls within the class of persons that the statute was intended to assist, even if, because of circumstances out of his control, he does not satisfy the special rule prescribed in section 1.36B-2(b)(6)(i), Income Tax Regs. In support of his position, petitioner cites King v. Burwell, 576 U.S. ____, 135 S. Ct. 2480 (2015), and states that the policy behind the PTC was to provide advance premium assistance payments to taxpayers, like him, who cannot afford to pay some or all of the cost of health insurance. He avers that advance premium assistance payments should have been made on his

behalf, but no such payments were actually made because there was no relationship between the State of Delaware, the exchange, and his insurance carrier that could facilitate the contribution and receipt of advance payments.

While we are not unsympathetic to petitioner's situation, we are bound by the statute as written and the accompanying regulations when consistent therewith. See Michaels v. Commissioner, 87 T.C. 1412, 1417 (1986); Brissett v. Commissioner, T.C. Memo. 2003-310, 2003 WL 22520105, at *3. The controlling facts are that petitioner's MAGI was below eligible levels and he does not qualify for the exception set forth in section 1.36B-2(b)(6)(i), Income Tax Regs. To the extent that petitioner believes that he has suffered an injustice due to a flaw in the controlling statutory provisions, his recourse may be to seek a legislative remedy. Accordingly, we sustain respondent's determination.

To reflect the foregoing,

Decision will be entered

for respondent.